CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
October 14, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Lauren Mihalic-Bandy
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **EARL DUSHAWN BURGESS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00368 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHADWICK DOTSON, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Earl Dushawn Burgess, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, claiming that the defendants violated his constitutional rights following a disciplinary charge, among other allegations. Currently pending is Burgess's Motion to Amend and Dismiss Voluntarily (Motion), Dkt. No. 7. He seeks to amend his Complaint to voluntarily dismiss certain allegations that have become moot. Upon review, the Complaint must be dismissed without prejudice for the reasons that follow.

## I. BURGESS'S COMPLAINT.

In March 2023, while incarcerated at Sussex I State Prison (Sussex) in Waverly, Virginia, located in the Eastern District of Virginia, Burgess received an institutional infraction. He claims that he was falsely accused of possessing a cell phone when an investigator at Sussex found the cellphone in possession of a

different prisoner during a random search. Next, Burgess was found guilty of the cell phone possession charge at Greensville Correctional Center (Greensville) in Jarratt, Virginia, located in the Eastern District of Virginia, on February 2, 2023, when he was present there for an emergency transfer. The decision was upheld by Sussex officials once he was returned to that facility. According to Burgess, the infraction reduced his good conduct time and increased his security level; therefore, he seeks to have the charge removed from his record and his good conduct time restored.

Thereafter, Burgess was temporarily transferred to Wallens Ridge State Prison (Wallens Ridge) in Big Stone Gap, Virginia, located in the Western District of Virginia from November 18, 2023, until December 3, 2023, at which time he was transferred back to Sussex due to a court appearance. He remained at Sussex from December 3, 2023, to January 14, 2025, when he was again returned to Wallens Ridge.

Upon his return to Wallens Ridge, Burgess claims that defendant Owens refused to conduct his interim annual review from March 2024. He further claims that prison officials, Stallard, and Beverage,[1] failed to correct the issue, and that

[1] Stallard and Beverage are not listed as defendants. *See* Fed. R. Civ. P. 10 (requiring the title of a complaint to include the name of all parties); *but see Nichols v. Bumgarner*, 173 F.4th 511, 519 (4th Cir. 2026) (explaining that when "the body of a complaint indicates that the plaintiff intended to sue parties left out of the caption, the district court must help remedy the error").

eighteen days had been added to his sentence as a result. When Owens conducted Burgess's annual review in March 2025, "Mr. Owens recommended a change from SL5 to SL3 and GCA 2 to CGA1." Compl. 6, Dkt. No. 1. Because of his recommendation, Burgess requested a transfer to a lower security level prison. Owens recommended the transfer, which was approved by Stallard on April 27, 2025. Burgess claims, however, that he was transferred to a level 4 prison, "which is still his incorrect security level prison." *Id.* at 10.

Burgess contends that his due process rights were violated by the defendants' failure to conduct his interim annual review. He states that had that review been conducted, they would have "credited or tolled the plaintiff 2024 mar to mar 2025 year as charge free 2 years" and he could have qualified for a facility transfer or security level change. *Id.* at 7. Instead, their failure to properly conduct the review "cost the plaintiff 18 days lost of good time." *Id.* at 8. Burgess claims that he contacted defendants Pozeg, Whitt, Dotson, and Robinson concerning this issue "to no avail." *Id.* at 10. He further alleges that "[i]t appears VADOC is retaliating against the plaintiff over 2 pending litigation cases . . . in Newport News Virginia Circuit Court and Norfolk District Court." *Id.* at 11.

Finally, Burgess claims that prison officials at Sussex stated that he is "probable for drug abuse" on a form regarding his case plan. *Id.* at 22, Ex. 2, Dkt.

No. 1-1. He states that this designation is a "false narrative," "unfounded," "slanderous in nature," and threatens a pending clemency application. *Id.* at 22–23.

Since the time of the filing of the Complaint, Burgess has been transferred to Greensville, which is where he currently remains incarcerated.

Burgess has organized his factual allegations into four claims:

**Claim 1:** Defendants violated Burgess's due process rights by failing to conduct an interim review, which resulted in a loss of good time credit and assignment to the incorrect security level.

**Claim 2:** Defendants violated Burgess's due process rights by failing to transfer him to a lower security level prison. The defendants' actions in this regard were also in retaliation for filing other lawsuits.

**Claim 3:** Defendants falsely charged Burgess with a disciplinary offense, improperly investigated the issue, and committed various procedural errors during subsequent institutional proceedings, in violation of his Fifth and Fourteenth Amendment rights.

**Claim 4:** Defendants violated Burgess' rights by stating that he is a "probable control substance abuser." Compl. 22, Dkt. No. 1.

Before addressing the substance of Burgess's claims, I must first address certain claims improperly filed in this court. *Lance v. Coffman*, 549 U.S. 437, 439

(2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits.").

## II. Dismissal of Claims for Improper Venue.

Section 1983 does not include a provision for determining the correct venue for filing civil rights actions. Therefore, 28 U.S.C. § 1391, governing venue generally in district courts, controls. Under that statute,

> [a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Burgess asserts two claims concerning factual allegations that occurred at facilities located in the Eastern District of Virginia. First, Burgess's Claim 3 sets forth assertions regarding his disciplinary charge and the related investigation and proceedings — all of which occurred at Sussex or Greensville. Second, Burgess's Claim 4 is regarding a Case Plan Agreement generated on March 7, 2023, indicating that Burgess has "probable" substance abuse issues, which would need addressed and reviewed at his next annual review. Compl. Ex. 2, Dkt. No. 1-1. The document specifically provides, "DOC Location: Sussex I State Prison." Therefore, under §

1391(b), Claims 3 and 4 are not properly brought in this district and this court has no jurisdiction to consider them.

When venue is improper, 28 U.S.C. § 1406(a) directs the court to dismiss the case, unless it's determined that it is in the interest of justice to transfer it to another district. Here, dismissal is appropriate because it would not be in the interest of justice to transfer the case where the Complaint as drafted includes allegations against several defendants at prison facilities located in different districts. Furthermore, because the claims raised against defendants in this district will be dismissed, as explained below, it would be more efficient for Burgess to refile a new Complaint in the Eastern District of Virginia succinctly stating claims regarding alleged misconduct by officials at facilities located in that district. *See* Fed. R. Civ. P. 8 (requiring allegations in pleadings to be "simple, concise, and direct"); *see also Blaydon v. Sw. Va. Reg'l Jail – Duffield*, No. 7:23cv00340, 2024 WL 69828, at *1 (W.D. Va. Jan. 5, 2024) (explaining that under Rule 20 of the Federal Rules of Civil Procedure, "unrelated claims may not be filed against multiple defendants unless the claims against all defendants arose out of the same incident or involve a common factual or legal question").

Therefore, Burgess's Claims 3 and 4 will be dismissed without prejudice, and Burgess may refile those claims with the United States District Court for the Eastern District of Virginia, subject to the applicable statute of limitations.

## IV. DISMISSAL OF REMAINING CLAIMS.

Because Burgess's Claims 1 and 2 implicate officials at Wallens Ridge, a facility located within the Western District of Virginia, such claims are properly before this court. Before considering the merits, however, I must address Burgess's Motion requesting voluntary dismissal of Claim 1, in part, and Claim 2 in its entirety.

### A. Voluntary Dismissal of Claim 1, in part, and Claim 2.

Under Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss his claims with approval of the court. Fed. R. Civ. P. 41(a)(2). District courts have broad discretion in granting voluntary dismissals, and such dismissals should be freely allowed "unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

Burgess seeks to voluntarily dismiss the portion of Claim 1 regarding his security level change. He states in his Motion that he is now at the proper security level and this argument is moot. He also seeks to voluntarily dismiss Claim 2 in its entirety. Burgess states that the relief he requested in Claim 2 was transfer to a facility reflecting his correct security level. Because he has been transferred to an appropriate facility, he, likewise, wishes to withdraw this claim. The defendants, who have not yet been served, would not be prejudiced by dismissal of these claims, and so I conclude that voluntary dismissal is proper, and Burgess's Motion will be granted to this extent.

**B. Dismissal of Claim 1 for Failure to State a Claim.**

Burgess's voluntary dismissal leaves the remainder of Claim 1 for consideration on its merits in this district. Upon review, however, it must be summarily dismissed for failure to state a claim on which relief may be granted.

The court must dismiss a case "at any time" if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth sufficient factual allegations against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Burgess claims that his due process rights were violated by the Wallens Ridge defendants' failure to conduct an interim review, and that his good conduct time was affected as a result. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV § 1. To establish a due process violation, a prisoner must demonstrate that (1) he had a protected liberty interest, and (2) the

defendant failed to afford minimally adequate process to protect that liberty interest. *Thorpe v. Clarke*, 37 F.4th 926, 941 (4th Cir. 2022). Without a federally protected interest at stake, the inmate has no federal claim to particular procedural protections. *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015).

Burgess has failed to demonstrate that he had a protected liberty interest. The Fourth Circuit has explained that there is no due process right to an annual review. *See Jackson v. West*, No. 25-6494, 2025 WL 3282513, at *1 (4th Cir. Nov. 25, 2025) (concluding that the right to an annual review "'is a procedural function of Virginia's parole scheme rather than a substantive right unto itself'; thus, 'the Constitution does not afford that right any protection under the Due Process Clause'") (quoting *Hill v. Jackson*, 64 F.3d 163, 171 (4th Cir. 1995)). Logically, the same analysis would apply to an interim annual review. Burgess therefore does not have a protected liberty interest in the interim annual review he claims to have been denied.

Furthermore, courts in this Circuit have determined that where a disciplinary conviction could affect a good conduct time earning level, "the effect does not trigger constitutionally protected due process rights because 'Virginia prisoners have no liberty interest in any particular classification or good conduct time earning rate.'" *Allen v. Mayo*, No. 1:20cv780 (TSE/JFA), 2021 WL 1753948, at *7–9 (E.D. Va. May 4, 2021) (quoting *Spratley v. Mabrey*, No. 7:19cv837, 2021 WL 504829, at *3 (W.D. Va. Feb. 10, 2021)). Like the plaintiff in *Allen*, who alleged that the denial of an

interim review was a "taking of good time credits," *Allen*, 2021 WL 1753948, at *8, Burgess similarly claims that the defendants' failure to conduct an interim review "cost the plaintiff 18 days lost of good time." Compl. 8, Dkt. No. 1. Just as the *Allen* court concluded that the plaintiff's "'loss' refers to potential future credits and not accrued good time credits," and that "he has no such liberty interest in potential future credits," I will conclude the same here. *Allen*, 2021 WL 1753948, at *8.

Burgess submitted his 2025 annual review information as an attachment to his Complaint. Compl. Ex. 5, Dkt. No. 1-1. Relevantly, there is a section titled "Good Time Level Review," that recommends a class level change to Level 1. *Id.* There is nothing suggesting that Burgess lost any accrued good time credits; rather, it only demonstrates a change in classification, in which Burgess has no liberty interest. Although this document reflects the 2025 annual review and not the interim review, Burgess's claim that had interim review been conducted, defendants would have "credited or tolled the plaintiff 2024 mar to mar 2025 year as charge free 2 years" does not change the analysis. Compl. 7, Dkt. No. 1.

Therefore, because Burgess has failed to establish that he has a protected liberty interest in an interim annual review or a good conduct time earning level, the remaining portion of Claim 1 concerning Burgess's due process allegations must be dismissed.

## V. CONCLUSION.

For the reasons stated, Burgess's Motion, Dkt. No. 7, will be granted in part and denied in part, and his Complaint will be dismissed without prejudice. A separate Judgment will be entered.

ENTER: October 14, 2026

/s/ JAMES P. JONES
Senior United States District Judge